Foote vs. Carpenter.

CHARLES FOOTE and LEONORA L. FOOTE, Respondents,

*vs.*

STEPHEN D. CARPENTER, Appellant, Impl'ed with NOYES and LAW.

APPEAL FROM DANE CIRCUIT COURT.

The proper mode of treating a frivolous demurrer or answer, is by application to the judge or court, if in term time, on five days notice for judgment.

In case a demurrer or answer be adjudged frivolous, there is an end of the controversy as to the merits of the action, and the plaintiff may proceed as in case of default, under § 158 of the code.

The court or judge cannot shorten the time of notice of an application for judgment upon a frivolous demurrer or answer.

§ 304 of the code has reference to motions where notice of eight days is required, but the court may, by order, prescribe a shorter time.

Where the husband and wife join in a suit to recover the property of the wife, the complaint should allege her separate property.

The effect of the endorsement by the wife to the husband of a note made payable to her or order : *Quere ?*

This was an action brought by the respondents as husband and wife, against the defendants, upon a promissory note made by the defendants to Leonora L. Foote, or order. The complaint set out a description of the note ; the making and delivery to the plaintiff, L. L Foote ; that the plaintiffs were husband and wife, and therefore joined in the action ; that the said L. L. Foote duly endorsed said note ; that the plaintiffs were the lawful owners and holders thereof, and that there was due thereon, &c.

To this complaint, the defendant, Carpenter demurred, on the ground that it did not appear by the complaint what interest the wife had in the note, whether by sale or otherwise, or

what interest the husband had, if any therein ; that it appeared that L. L. Foote had endorsed the note, without stating that it was to the plaintiffs or to whom, &c.

On the 12th November, the court made an order requiring the defendant to show cause on the 14th of November why judgment should not be entered against him for frivolousness of the demurrer. On that day judgment was entered accordingly, and the defendants appealed.

*J. G. Knapp,* for the Appellant.

*Smith & Keyes,* for the Respondents.

*By the Court,* SMITH, J. This is another case of alleged frivolous demurrer, and the court was right in ordering judgment for the plaintiff, if the demurrer was in fact frivolous, and the defendant had had the proper notice for taking the judgment of the court thereon.

First as to the notice given in the case, which was two days: Is such notice sufficient for an application to the judge or court upon a frivolous pleading ? It would seem that there is but one mode of treating frivolous pleadings prescribed by the code. It is not by motion, but by an application to the judge or court, either in or out of term for judgment thereon upon a notice of five days ; and then if the pleading be frivolous, there is an end of the controversy as to the merits of the action, and parties proceed as in case of default, under section 158 of the code.

Upon an application of this kind under section 159, the court or judge cannot alter the time of the notice. Section 304 has reference solely to motions where notice of eight days is required. In such cases the court or judge may, by an order, to show case prescribe a shorter term. But section 159 is ap-

plicable to the case of frivolous pleading, designed to enable a party to get rid of it, and gives him a prompt and efficient remedy. 1 Abbott, 41.

We are therefore of the opinion that the two days notice in this case was insufficient. That when a party proceeds under section 159, he must pursue its provisions strictly, and that the court has no authority to alter them.

The conclusion to which we have arrived in regard to the notice given in this case, renders it unnecessary to go further. But as this is one of the number of cases which have been disposed of on alleged frivolous demurrors, we are disposed to examine briefly the pleadings in this case, not to determine their entire sufficiency, but to determine the character of this demurrer as to frivolousness.

We have before given our views as to what constitutes a frivolous pleading, and our remarks need not be repeated. It would seem that counsel have confounded pleadings denominated frivolous with those which may be found bad on hearing or argument.

In this case the husband and wife sue upon a promissory note, made payable to the order of the wife. It also alleges that the wife duly endorsed the note, but does not state to whom she endorsed it. It does not allege the note to be the separate property of the wife, but avers that the plaintiffs are the lawful owners and holders thereof.

It alleges that the plaintiffs are husband and wife, and therefore they join in this suit. It may well be asked, and the effect of the demurrer is to ask, if the wife endorsed the note to her husband, what was the effect of such contract of endorsement? Did it transfer the title to the husband? If so, then was he a joint holder and owner with her? Was it still the separate property of the wife? If so, were the husband and wife the lawful owners and entitled to sue as co-plaintiffs? The husband may join the wife when she sues to

recover her separate property, but he does not sue as a joint or co-plaintiff. In all such cases, the separate property of the wife should be averred, that it may be protected as such Here is no allegation of the separate property of the wife in the note. On the contrary, the husband and wife are averred to be joint owners.

Enough has been said to show that this demurrer is not frivolous, but to suggest to the plaintiff a review of his complaint.

Judgment reversed.