Rogers vs. Hœnig.

RYAN, C. J., took no part.

---

ROGERS vs. HŒNIG.

NEW TRIAL. *(1) Successive motions on the same ground. (2) Conclusiveness of record. (3) Who may ask a new trial. (4) Case stated.*

1. After a new trial has been absolutely denied, a second motion for the same relief, founded upon substantially the same grounds, cannot properly be granted.
2. A mere statement of the judge, in the bill of exceptions or otherwise, that it was his understanding that the first order was made without prejudice, and that it was inadvertently signed in its present absolute form, cannot change the effect of the record; but that must be duly *amended* before the second motion can be granted.

3. As a general rule, no one but a *party* to the suit can be heard to ask for a new trial.

4. Plaintiff, as owner, recovered possession of goods from defendant, who had taken them as agent for one M.; and after defendant had paid the judgment for damages and costs, and had failed to obtain, on demand, reimbursement from M. of the amount so paid and for time and money spent in the litigation, M., who was insolvent and had not indemnified defendant against the expense of further litigation, nor ever applied to be made a defendant, obtained an order for a new trial in defendant's name, but against his will. *Held*, that the order was improperly granted.

APPEAL from the Circuit Court for *Chippewa* County.

Replevin. After a verdict and judgment for the plaintiff, the court made an order vacating the judgment and granting a new trial. From this order the plaintiff appealed.

The errors alleged by the appellant, so far as passed upon by this court, will sufficiently appear from the opinion.

For the appellant, there was a brief by *Jenkins & Boland*, and oral argument by *B. W. Jones*.

For the respondent, there was a brief by *Joseph S. Carr*, and oral argument by *Ed. E. Bryant*.

ORTON, J. Without considering the merits of the motion to set aside the verdict and for a new trial in this action, upon which the order of the circuit court was made, and from which this appeal is taken, there appear to be two objections, either of which is fatal to this order.

*First.* A motion for the same purpose, and founded substantially upon the same grounds, had been denied, and the matters of such motion had become *res adjudicata. Second Ward Bank v. Upman et al.*, 14 Wis., 596; *Cothren v. Connaughton*, 24 Wis., 134; *Kabe v. The Vessel "Eagle" et al.*, 25 Wis., 108. The judge of the circuit court has stated in the bill of exceptions, that it was his understanding that the first order was made without prejudice, and that it was inadvertently signed in its present form. The order of record is without qualification or reservation, and it must therefore be held

to be conclusive, until it has been modified in some proper way and the statements of the judge even, extra-judicially expressed, whether in a bill of exceptions or otherwise, cannot be taken to change or impeach the records of the court. Greenl. on Ev., § 522; *Walker v. Rogan*, 1 Wis., 597; *Attorney Gen. v. Lum*, 2 Wis., 507. The records of the court are amendable in a proper time, but then only upon motion. *Hill v. Hoover*, 5 Wis., 386.

*Secondly.* This order was not only *not* asked, but was made against the objection and protest of the defendant himself.

It appears that the defendant, although holding the office of sheriff, had not taken possession of the property in question in his official capacity, but as the agent of one Merchant B. Rogers, the mortgagee; that it was claimed and recovered in this action by the plaintiff as the owner; that the defendant had fully paid the judgment for damages and costs, and had expended considerable money and time in the litigation, and had demanded of said Rogers reimbursement therefor, which had not been paid; that said Rogers was insolvent, and that he did not wish further litigation; and that these motions were made, and probably this appeal was taken, by said Rogers, in the name of the defendant, but against his will. It is hard to conceive by what law or right a party to a suit, under such circumstances, can be compelled to renew and continue the litigation after judgment, whether he is made such party by virtue of his official duties, or of his action as the agent for another, in respect to the subject matter of the suit.

Either as an officer or agent, in such case, he would have the right to demand indemnity at least, before being compelled to incur the expenses and responsibilities of such further litigation. Crocker on Sheriffs, § 446; Wharton on Agency, § 340. In this case, where the tort complained of was committed by the agent at the instance and by the direction of his principal, such principal is also liable, and might have been made a defendant alone, or joined with the agent

(Wharton on Agency, § 474); and he might have applied at any time to become a party, or to obtain leave to manage and conduct the suit in the name of the agent, and at his own expense. At all events, nothing has been shown in this case to take it out of the rule that no one except the party himself can make such a motion, but the very best of reasons are shown why he should not do so. *Ward v. Clark,* 6 Wis., 509; *Packard v. Smith,* 9 Wis., 184, and many other cases decided by this court.

*By the Court.* — The order of the circuit court is reversed, with costs.

RYAN, C. J., took no part.