| 47 | 225 |
| 77 | 676 |
| 47 | 225 |
| 87 | 583 |

WEBSTER vs. THE BOARD OF SUPERVISORS OF OCONTO COUNTY.

PRACTICE. *(1) What constitutes a trial. (2) Successive motions: Res Adjudicata.*

1. On appeal to the circuit court from the decision of a county board of supervisors rejecting plaintiff's claim for moneys paid for illegal taxes, where there were no formal pleadings, the judgment for plaintiff was based upon defendant's *stipulation*, admitting all the facts necessary to establish the claim, and a referee's *computation* of the amount paid, with interest. *Held*, that the record shows a *trial* of the issues, and not a mere judgment in default of an answer.

2. After denial of a motion for a new trial, without leave, granted *at the same time*, to renew the motion, a second motion for the same relief, made *on substantially the same grounds*, without disclosure of any new facts, cannot properly be granted; the question being *res adjudicata*. *Rogers v. Hœnig*, 46 Wis., 361.

APPEAL from the Circuit Court for *Oconto* County. Plaintiff appealed from an order.

For the appellant, there was a brief by *Webster & Brazeau*, and oral argument by *Mr. Webster*.

For the respondent, there was a brief by *R. W. Hubbell*, its attorney, with *Tracy & Bailey*, of counsel, and oral argument by *Mr. Tracy*.

ORTON, J.   This was an appeal from an order of the county board of supervisors disallowing the claim of the appellant for the reimbursement of illegal taxes.   A judgment was rendered by the circuit court, April 12, 1878, for the appellant, upon a written stipulation signed by the district attorney, appearing for the county, admitting all the facts establishing the appellant's claim, leaving the computation of the amount and interest to be determined by a referee, which was accordingly reported by the referee to the court.

On the seventeenth day of the same month, the respondent, by the district attorney, obtained a rule against the appellant to show cause why the judgment should not be set aside, and the cause tried upon the issues therein.

This rule was founded upon the records, and the affidavit of the district attorney stating certain facts tending to show excusable neglect, mistake and surprise, and a defense by the statute of limitations; which facts tending to show mistake and surprise were denied by the affidavit of the appellant. This motion, after a full hearing, was denied, with costs, on the 23d day of April, 1878.

On the 10th day of May following, a second rule to show cause was obtained against the appellant, based substantially on the same grounds, and upon no newly discovered facts, for

the purpose of setting aside the said judgment and having the cause tried upon issues *to be made.* This last rule having been heard upon the records and the affidavits of the district attorney and the appellant, an order was entered setting aside and vacating the judgment, with leave to the respondent to answer or demur within twenty days from the service of a copy of the order.

We think the second motion was substantially a renewal of the first, and without leave. In a recent case decided by this court, *Rogers v. Hœnig,* 46 Wis., 361, in respect to a similar motion for a new trial, it was held "that a motion for the same purpose, and founded substantially upon the same grounds, had been denied, and the matter of such motion had become *res adjudicata,*" and several cases in this court are referred to of the same effect.

In that case it was also held, "that the order of record is without qualification or reservation, and it must therefore be held to be conclusive until it has been modified in some proper way."

In that case it was sought to amend the record by a certificate of the circuit judge that such first order was intended to have been entered with leave therein to renew the motion, and that such qualification was omitted by mistake.

In this case it is contended that the second rule to show cause to the same effect as the first, operates as a qualification of the order denying the first motion, and constitutes sufficient leave of the court to renew it. We think the case referred to is decisive of the case upon this point.

The learned counsel of the respondent insists, with some plausibility, that as the claim filed by the appellant did not show the date of the various assignments of the tax certificates from the county, it did not appear that the statute of limitations had run upon the whole or any part of it, and that it was therefore verbally agreed between the district attorney

and the appellant, outside of the written stipulation, that the dates of such assignments should be furnished to the district attorney before judgment; and that said dates had never yet been furnished to the district attorney.

It was denied in the affidavit of the appellant that he had ever so verbally agreed to furnish the district attorney with such dates; but it is admitted in such affidavit that it was agreed that such dates should be furnished the court before judgment, which was done, and the same filed with the papers in the case.

It seems that such dates appeared upon the report of the referee who computed the amount of such claim and interest. This report was part of the record which was before the court on the hearing of the first motion, and must be presumed to have been considered by the court in its decision, and therefore furnished no new ground for the second motion. A rule to show cause is, in effect, a motion, and is granted only to shorten the time of notice before the hearing (*Foote v. Carpenter*, 7 Wis., 395); and a rule to show cause could have no more effect as a leave of the court to renew a former rule, than a second motion.

As a rule of practice, it is well settled that leave to renew the motion after its decision must be granted, if at all, at the time of such decision, and be a part and qualification of the order on the first motion. *Corwith v. State Bank*, 11 Wis., 430, and cases cited in the opinion.

The learned counsel of the respondent contends further, that the order granting the last motion is not an order granting a new trial, but only setting aside a default and allowing an answer and trial on the merits, and therefore not appealable.

The point requires no further notice than to say that there had been a trial by the court upon the merits, and a finding of the facts was made by the court upon the stipulation admitting the facts without proof, and upon the report of a referee of the

computation of the amount of the claim and interest; and this trial was had of the implied issues of such an appeal, of the claim asserted and denied, without formal pleadings.

The answer tendered with the last motion does not deny the facts admitted by the stipulation, and the only new defense is the statute of limitations now pleaded in form, which sufficiently appeared upon the record before the judgment was entered by the report of the referee of the dates of the various assignments of the certificates from which he computed the interest. We do not rule, however, that an appeal to this court will *not* lie from an order of the circuit court setting aside a default and granting leave to answer; for this question is not before us in this case.

*By the Court.* — The order of the circuit court is reversed, with costs.