## SHAFER ET AL. v. HEWITT.

1. JUDGMENT.
A complaint entitled "George W. Hewitt v. Geo. O. Shafer and Charles H. Emmons, partners as Geo. O. Shafer & Co.," contained no allegation of partnership, but stated a cause of action against the defendants as persons jointly liable upon contract. *Held*, that judgment against them jointly, without reference to partnership, is the only one consistent with the pleadings.

2. PRACTICE—NOTICE OF MOTION.
A party who has filed a motion for a new trial is not entitled to notice

of the setting of the same for hearing. He is required to take notice of that himself.

*Appeal from the District Court of Clear Creek County.*

Mr. HORACE PHELPS, for appellants.

Mr. JOHN A. COULTER, for appellee.

THOMSON, J., delivered the opinion of the court.

Action by George W. Hewitt against George O. Shafer and Charles H. Emmons to recover commissions upon sales of real estate. Judgment for plaintiff, from which defendants appeal.

One of the errors assigned is that the verdict and judgment are against the evidence. The testimony of plaintiff, and the contents of certain exhibits, introduced by the defendants, are in some respects contradictory of the defendants' testimony, but they are amply sufficient to sustain the verdict.

Another assignment is that the judgment was rendered against the appellants as copartners, there being no allegation or proof of partnership. This assignment is not warranted by anything in the record. The judgment was that "the plaintiff do have and recover from the defendants, Geo. O. Shafer and Charles H. Emmons, the sum of $458.39" and his costs. The complaint is entitled George W. Hewitt v. Geo. O. Shafer and Charles H. Emmons, partners as Geo. O. Shafer & Co.; but it contains no allegation of partnership. Service of summons was had only upon Shafer; but, first a demurrer, and then an answer, was filed in behalf of both defendants, and their joint appearance in resistance to the plaintiff's claim is prominent throughout the entire record. It is to the allegations of the complaint that we must look to determine the character of the action; and the cause of action alleged is not against the defendants as partners, but against them as persons jointly liable upon contract. The

answer conta.ns no suggestion of partnership, but follows the theory of the complaint. In all the evidence on both sides, there is nothing to indicate that the defendants were partners, or claimed to be such; and the judgment was rendered against them jointly, without reference to partnership. No other judgment would be consistent with the pleadings and proofs.

In the course of a discussion of the requisites of a judgment in a case against a partnership, counsel cites us to *Dessauer v. Koppin*, 3 Colo. App. 115. In that case a partnership was alleged, and the proofs sustained the allegations. One partner only was brought into court; there was no appearance by the other; and the judgment was against the partner alone upon whom summons had been served. The court held that the judgment should have been against the partnership. The reason for this, as stated in the text of the opinion, is corrected in the appendix to the volume, and is that "the plaintiff is entitled to enforce his claim against the partnership property, and the partner who is served with process has clearly the right to turn out partnership assets for the payment of the claim." It is entirely obvious that neither the case cited, nor the argument based upon it, has any applicability to the case at bar.

The defendants also complained that their motion for a new trial was set for hearing without notice to them or their counsel. It was the defendants who filed the motion for a new trial, and whatever notice of its filing was necessary must have been given by them to the adverse party. The Code provides that such a motion shall be heard at the earliest period practicable after its filing. It is to be supposed that the defendants would have looked after their own motion, and known when it was set for hearing. We have been referred to no law, and we know of none, which entitles them to the notice, the want of which they assigned for error. We have considered everything in the record which requires attention, and find no error.

The judgment will be affirmed.

*Affirmed.*