Reed, P. J.,
delivered the opinion of the court.
The Sing Wah Company and three or four other Chinese companies and individuals rented premises of appellee. Appellant executed the lease on behalf of Sing Wah Company. A part of the rent being due and unpaid, suit was brought against appellant, as “Look Ding, doing business as Sing Wah & Company,” and the other parties executing the lease. Look Ding was the only party served. He appeared and defended. The case was tried to a jury. Verdict and judgment against him, individually, for $141, from which this appeal was prosecuted. The correctness and amount of the claim do not appear to have been contested. The only question was in regard to the individual liability of appellant. The only question of fact to be determined by the jury was whether he was individually doing business under the name of Sing Wah & Company, or a partnership existed, of which he was a member. If the firm was composed of himself and others, no legal judgment could have been had against him personally. Craig v. Smith, 10 Colo. 220; Coates v. Preston, 105 Ill. 470; Shafer v. Hewitt, 6 Colo. App. 374. If appellant *73 alone did business, and assumed tbe firm name and style of Sing Wah & Company, an individual judgment was correct.
"The different firms and persons who executed the lease executed it jointly. Consequently, as to them, it was joint and several; and judgment could have been taken against any firm or person who was a party to it, but not against an individual member of a firm.
The testimony on the question of fact was contradictory. It was found against appellant, on very meager and unsatisfactory evidence of former statements of appellant that might have been misunderstood; but juries are made judges of the veracity of witnesses, and discredited the evidence of appellant. The finding of the jury on questions of fact, on contradictory evidence, when there is no marked preponderance against the finding, will not be disturbed. The judgment will be affirmed.

Affirmed.