[No. 2762.    Decided December 6, 1897.]

JAMES K. BURNHAM et al., Appellants, v. THE SPO-
KANE MERCANTILE COMPANY, Defendants, L. B.
NASH et al., Respondents.

NEW TRIAL — NOTICE OF HEARING OF MOTION — DENIAL OF NEW TRIAL
— SUBSEQUENT CONSIDERATION BY COURT.

The party filing a motion for a new trial is not entitled to
notice of the time of hearing the motion.

After the denial of a motion for a new trial neither the judge
making the order nor his successor has jurisdiction to again con-
sider a like motion, based upon the same grounds and the same
facts, and make another order in the case.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Reversed.

*Graves, Wolf & Graves, Blake & Post, John A. Pierce,* and *S. & J. W. Douglas,* for appellants.

*John R. McBride,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal taken by the plaintiffs from orders made by the court after the entry of the final decree allowing certain claims against a fund in the hands of the court for distribution, and directing the receiver to pay such claims from the funds in his hands. We will notice the second and third assignments of error, for, as we view the law governing the propositions involved in these assignments, they settle, to a certain extent, the rights of the respondents in this case. It appears that the cause was tried originally before Judge Moore, one of the superior judges of Spokane county, and upon certain findings certain allowances were made to the respondents. The order of allowance to the respondents was made and entered by Judge Moore on January 6, 1897. A motion for a new trial was made by the respondents and filed on January 8. On January 9th the motion was taken up by Judge Moore and denied. Shortly after the denial of this motion Judge Moore's term of office expired, and Judge Prather, the judge-elect, took his place. Upon the advent of Judge Prather, the respondents moved him to vacate the order of Judge Moore refusing a new trial, and one of the reasons assigned for asking the vacation was that the motion was taken up without a notice. We think there is nothing in the affidavit filed in support of this motion which would warrant the conclusion that there was any legal irregularity in the proceedings, even if we were permitted to consult the affidavit. The record, however, discloses that the respond-

ents who filed the motion for a new trial were present in court when it was taken up, and that they duly excepted to the ruling that the matter was brought on regularly and regularly decided.

Our attention is not called to any statute which provides for notice to the moving party in a case of this kind, and without some statutory provision we think the general rule plainly would be that the party must take notice that his motion is on file liable to be called up at any time. Section 822 of the Code of Procedure, it is true, provides that

" When a party to an action has appeared in the same, he shall be entitled to at least three days' notice of any trial, hearing, motion, . . . to be had . . . therein, before any judge at chambers;"

but we do not think that this is applicable to the motion for a new trial; and the other provision, viz., Laws 1893, p. 416, § 35, is not applicable to a case of this kind.

In *Shafer v. Hewitt*, 6 Colo. App. 374 (41 Pac. 509), it was held that

" The party filing a motion for a new trial is not entitled to any notice of the time of hearing of the motion."

In discussing that branch of the case the court said:

" The defendants also complain that their motion for a new trial was set for hearing without notice to them or their counsel. It was the defendants who filed the motion for a new trial, and whatever notice of its filing was necessary must have been given by them to the adverse party. The Code provides that such a motion shall be heard at the earliest period practicable after its filing. It is to be supposed that the defendants would have looked after their own motion, and known when it was set for hearing. We have been referred to no law, and we know of none, which entitles them to the notice, the want of which they assign for error."

In *Lookabaugh v. Cooper* (Okl.), 48 Pac. 99, it was held that

" In the absence of a showing of irregularity, fraud, unavoidable casualty, or misfortune, the district court has no power to set aside its order overruling a motion for a new trial upon a reconsideration of the same motion already passed upon; and a reversal of such order can be had only by proceedings in error in the supreme court."

This is an Oklahoma case, and is founded upon the same reasoning as the case just above referred to.

In *Crosby v. North Bonanza Silver Min. Co.*, a Nevada case, reported in 42 Pac. at p. 583, it was decided that

" Where a motion for a new trial has been regularly submitted upon a sufficient statement, a ruling thereon cannot be subsequently vacated on motion, but the only remedy is by appeal."

There it was held that although the first ruling was based upon a wrong ground, the motion to vacate was not the remedy—that the remedy was by appeal.

In *Carpenter v. Superior Court of San Joaquin County*, 75 Cal. 596 (19 Pac. 174), it was decided that

" Where a cause has been regularly heard and decided, it can be reviewed only in the modes provided by the statute. The trial court cannot upon an application not authorized by statute set aside its decision for mere error not amounting to want of jurisdiction."

In *Lang v. Superior Court*, 71 Cal. 491 (12 Pac. 306), the court said:

" The demurrer and the motion for a new trial had been disposed of, and then, on what is called a ' rehearing,' the case was again brought before the court, and a new order made. This is a new practice, with which we are not familiar, and we know of no statute authorizing it. When a motion for a new trial is made and passed upon—either granted or denied—it is not competent for the court afterwards to set its rulings aside and make another order in the case,"

citing *People v. Center*, 61 Cal. 194; *Coombs v. Hibberd*,

43 Cal. 453; *Rogers v. Hoenig,* 46 Wis. 361 (1 N. W. 17). In the last case mentioned the supreme court determined that

" After a new trial has been absolutely denied, a second motion for the same relief, founded upon substantially the same grounds, can not properly be granted."

In the case at bar the motion was not only granted upon the same statement of facts, but the findings which were made by Judge PRATHER were made upon the same statement of facts and the same testimony that had been presented to Judge MOORE. This practice in effect made the incoming judge a court of review to pass upon the judgment of the outgoing judge, but, in any event, we do not think that under the showing in this case Judge MOORE would have had the authority to have set this judgment refusing a new trial aside, and certainly Judge PRATHER's authority would have been no more extensive.

It is true that this court, in the case of *Clein v. Wandschneider,* 14 Wash. 257 (44 Pac. 272), held that an order vacating a judgment would not be reversed on appeal on the ground that it was granted after the denial of a former motion for such an order, made upon the same grounds, when the first motion should have been granted upon the showing made; but that case fell squarely within the provisions of section 221, Code Proc. (Bal. Code, §4953), providing for relief in case of mistake, inadvertence, surprise or excusable neglect, the petition in that case being based on those reasons; but it cannot be contended that this case falls within the statute quoted; for the affidavit upon which the motion is based alleges none of these grounds, the only surprise alleged being the calling up of the motion without notice; but, as we hold that no notice was required, that claim is not available.

The reasons assigned by the cases seem to us to be sufficiently cogent to sustain the decisions, viz., that if these motions should prevail there would be no stability to the judgment of the court, but that motions might be made and granted *ad infinitum*.

As was said in *Coombs v. Hibberd, supra*,

" There must be some point where litigation in the lower court terminates, and the losing party is turned over to the appellate court for redress."

These cases are cited approvingly by Thompson on Trials, §2727. Of course if the application is brought within the purview of the statute above referred to the rule would be different.

This, then, determines the rights of the respondents so far as the action of Judge PRATHER is concerned, they not having appealed from the judgment of allowance made them by Judge MOORE.

The appellant further contends that Judge MOORE erred in making any allowance to these respondents at all. We have carefully examined the elaborate briefs filed in this case and have as carefully perused the extensive record which has been sent up. It was a long, tedious, and involved case, but from an investigation of the whole record, without entering into any specific discussion or analysis, we have concluded that the judgment of Judge MOORE and the allowances made by him should not be disturbed. The case will, therefore, be reversed with instructions to enter up the judgment in accordance with the judgment made by Judge MOORE in the first trial of the cause.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.