[No. 4471.   Decided March 4, 1903.]

E. L. COYLE, *Respondent,* v. SEATTLE ELECTRIC COMPANY, *Appellant.*

NEW TRIAL — ORDER GRANTING CANNOT BE VACATED.
    Where a court has granted a motion for a new trial, it cannot subsequently, under the belief that it committed error in so rul-

ing, set aside such order and deny the motion. (FULLERTON, C. J., dissents).

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Reversed.

*Struve, Allen, Hughes & McMicken,* for appellant.

*Benson & Aust,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent brought this suit against appellant to recover damages for personal injuries alleged to have been sustained while he was a passenger upon one of appellant's cable cars running upon James street in Seattle. A trial was had before a jury, resulting in a verdict of $3,500 in favor of respondent. Appellant interposed a motion for new trial, and the same came on regularly for hearing on the 10th day of February, 1902. After hearing the arguments of the respective counsel, the court announced that the verdict was set aside and a new trial granted. The following entry was made in the court journal of that day: No. 33,561. E. L. Coyle, plaintiff, vs. Seattle Electric Co., defendant. Defendant's motion for new trial granted. Exception allowed." On February 17, 1902, respondent served and filed what he termed a "motion for reargument and for judgment upon the verdict," whereby he moved the court "that the order heretofore made herein in open court upon the defendant's motion for new trial in this case be by the court vacated; that defendant's motion for new trial be denied, and that plaintiff have judgment in this case upon the verdict heretofore rendered herein." The last-mentioned motion was submitted upon briefs, and upon May 3, 1902, appellant's motion for new trial was overruled, and the following entry was made in the court journal of that day: "No. 33,561. E.

L. Coyle, plaintiff, vs. Seattle Electric Co., defendant. Defendant's motion for new trial is overruled and exception allowed." On May 6, 1902, judgment was entered for the amount of the verdict, with interest and costs. The appellant has appealed from the order denying its motion for new trial, and also from the judgment.

It is assigned as error that the court denied appellant's motion for a new trial after the same motion had been granted. Subsequent to the final judgment, and pending this appeal, the respondent moved to correct the record. Appellant appeared specially, and objected to the hearing of the motion, which objections were overruled. Thereupon respondent's motion to correct the record was by the court granted, and the order thereon recites, among other things, the following:

"It is hereby ordered and adjudged that the record in the above-entitled cause, as appears by the journal entry of February 10, 1902, be corrected to read as follows: '1902. February 10, 33,561, E. L. Coyle vs. Seattle Electric Company. Defendant's motion for new trial granted. Exception allowed. On this 10th day of February, 1902, after the court has granted defendant's motion for a new trial and before any record other than the clerk's minute entry thereof has been made, the court having reason to believe that its ruling upon said motion is erroneous, upon its own motion, but upon the *ex parte* application of counsel for plaintiff, grants plaintiff leave to file a motion for a reargument of defendant's motion for a new trial, and the above-entitled cause is hereby continued for the purpose of giving plaintiff a reasonable time to file said motion for re-argument and for hearing thereon. Let counsel for defendant be informed of this proceeding.' Done in open court this 11th day of October, 1902, as of the 10th day of February, 1902."

Respondent calls our attention to a rule prevalent in many states where terms of courts are defined by statute.

The rule is succinctly stated as follows in 17 Am. & Eng. Enc. Law (2d ed.), 813:

"Every court has absolute control over its own judgments and decrees during the term at-which they were rendered, and may therefore, at any time before the expiration of the term, in the exercise of its discretion, open, amend, correct, revise, vacate, or supplement any judgment or decree rendered during such term."

Our superior courts have not terms fixed by statute, but are courts of continuous session. Courts of continuous session are not general in the states. In Kentucky the Kenton circuit court is a court of continuous session, and is by statute given "control over its judgments for sixty days as circuit courts have over their judgments during the term in which they are rendered." *Schlosser v. Murnan* (Ky), 49 S. W. 421. In this state no such extension of control is granted by statute. But respondent reasons that, since the term rule prevails in so many states, in the absence of such terms the proper rule in this state should be held to be that the court retains control over its own orders and judgments at all times until the final judgment has been entered in the cause. California is a state having a system similar to ours. By statute the courts are declared to be "always open," and yet the supreme court of that state seems to have uniformly held that, when an order or judgment upon a motion for new trial has been made or rendered, it cannot be set aside by the court which rendered it for mere error, and can only be corrected by appeal. Whatever might be said of this as an original question in this state, we cannot treat it as such without squarely overruling a former decision of this court. In *Burnham v. Spokane,* 18 Wash. 207 (51 Pac. 363), this court followed the California rule, and quoted with approval from California cases bearing directly upon

the point presented here. Cases from Nevada and Oklahoma are also cited to sustain that opinion, and they seem to be in point. In that case a retiring judge had denied a motion for new trial, and his successor vacated that order and granted a new trial. · It was said in the opinion, after a review of authorities, that the retiring judge himself would not have had authority to set aside his judgment refusing a new trial, and that the authority of his successor was certainly no more extensive. It was urged in that case, as it is here, that the rule adopted in *Clein v. Wandschneider,* 14 Wash. 257 (44 Pac. 272), should be followed. In the last-named case the court went back to the original entry to determine if a wrong was committed in the first instance. But the court observed in *Burnham v. Spokane, supra,* that the former case came squarely within the provisions of § 4953, Ballinger's Code, providing for relief in case of mistake, inadvertence, surprise, or excusable neglect, and refused to follow it where the action of the court below was merely to pass upon a question of error. The statute provides that the trial court may vacate its judgments and orders for the reasons above enumerated, but there is no statute authorizing a trial court to review and vacate its judgments for what it may deem to be mere error. In the case at bar it is not contended that there existed any mistake, inadvertence, surprise, or excusable neglect. The *nunc pro tunc* entry made by the court, above set forth affirmatively, shows the action of the court to have been based upon the belief that its first ruling upon the motion for new trial was erroneous. The first order entered upon the motion for new trial was a judgment; not the final judgment in the case, to be sure, but it was final upon that subject, was appealable under the statute, and under *Burnham v. Spokane, supra,* could only be corrected for mere error by appeal. That case must be decisive of

this one, and it must be held that it was error to enter the last judgment upon the motion for new trial.

The judgment is therefore reversed, and the cause remanded with instructions to the lower court to continue with the new trial as provided by its first order upon the motion for new trial.

MOUNT, DUNBAR and ANDERS, JJ., concur.

FULLERTON, J. (dissenting)—It is held in this case, if I understand the opinion, that error in a ruling made upon a motion for a new trial cannot be corrected by the trial court which made it, but must be carried into and perpetuated in the judgment, and corrected, if corrected at all, by appeal. I cannot assent to this conclusion. I understand that a trial court has plenary powers over a cause pending before it until the entry of judgment therein; that it may, before the entry of judgment, correct any error theretofore committed by it in the course of the proceedings, even though it be required, in order to do so, to go back to the first ruling made in the cause. Stated in another way, no court is bound to enter a void or an erroneous judgment. The conclusion reached by the majority, it seems to me, violates this rule. I am aware that the order granting the motion for a new trial is treated as a judgment, and language is found in the statute which seems to show a want of power in a trial court to correct its judgments for mere error. This, I think, is founded on a misapprehension of the statute. An order granting a new trial is not a judgment as that term is defined in the Code. A judgment is the final determination of the rights of the parties in the action. All rulings made in the course of the proceedings leading up to the judgment are orders. Ballinger's Code, §§ 5080, 5080a. When the Code speaks of judgments, therefore, it means what it has defined to be such, not

what it has denominated "orders." Again, it is said that the case of *Burnham v. Spokane Mercantile Co.,* 18 Wash. 207 (51 Pac. 363), maintains the conclusion reached. I do not so read the case, but, if it does, it should not be followed.