[No. 4567.   Decided September 28, 1903.]

*In the Matter of the Estate of* OLIVER P. BARKER, *Deceased.*

EDGAR L. BARKER *et al., Appellants,* v. MOLLIE F. HUEY, *Executrix, et al., Respondents.*[1]

JUDGMENTS—ORDER CONSTRUING WILL—VACATION—APPEAL—AP-PEALABLE ORDERS. Where, upon application for the sale of certain real estate to pay debts of the estate, the parties appear and contest the matter, and the court finds that under the terms of the will certain other real estate is specifically charged with the payment of the debts, the order denying the petition can not be vacated for error of law, since it is final as a construction of the will and appealable, and subject to vacation only by the statutory steps.

Appeal by Edgar L. Barker *et al.,* heirs at law of Oliver P. Barker, deceased, from an *ex parte* order of the superior court for King county, Tallman, J., entered October 7, 1902, vacating an order made June 13, 1902, denying a petition to sell real estate to pay debts.   Reversed.

*Roberts & Leehey* and *George B. Cole,* for appellants.

*Richard Osborn,* for respondent Mollie F. Huey.

[1]Reported in 73 Pac. 796.

*Henry F. McClure,* guardian *ad litem,* for respondent Melba Washburn.

DUNBAR, J.—Oliver P. Barker died September 3, 1901, leaving the following will:

"Providence Hospital.

"I, O. P. Barker, in sound mind and memory leave in case of my death Hotel Barker 1205 First Avenue, Seattle, Washington, to Miss Mollie Huey and Mrs. Nora Huey, both of Seattle, to have and to hold and run and receive all proceeds arising from the same for three years. At the expiration of that time it is my wish that the foresaid lease and furniture in said Hotel Barker be sold and one-half of the proceeds thereof be set aside for the sole use of Malba Washburn, a minor, residing at 1822, 7th Avenue, Seattle, the balance to be divided share and share alike to my brother and sister Edgar L. Barker and Clara Marie Lolmaugh, the former residing at Oswego, Kansas, and the latter at Redlands, California. I⁻ is my desire that all my debts be paid out of the property aforesaid, personal and real. That Mollie Huey be my executrix without bonds and dispense with probating of this will.

"Witness          (Signed)          O. P. Barker."
    "P. B. M. Miller.
    "J. Wotherspoon."

On September 9, 1901, Mollie F. Huey was appointed executrix, and on March 29, 1902, filed her petition for the sale of real estate. On the 16th of May, the matter came on for hearing upon the petition to sell real estate to pay the debts and costs of administration, the petition asking for the sale of real estate other than that described in the will. The court found that the property devised by th.· will had been specifically charged with the payment of t¹·· debts of the deceased, and that the real estate undevised could not be sold to pay the debts, and denied the petition

This decree was formally entered on June 13, 1902. There was a recital in the decree that a further application might be made for a sale of real estate for the purpose of paying the costs and expenses of administration, and the c · was continued for that purpose until June 20, 1902, when it was further continued until October 7, 1902, at which time the court made an order vacating and setting aside the former decree, made on May 16, 1902, and entered on June 13, 1902, which order directed the sale of the real estate to pay the debts of said estate, as well as the costs and expenses of administration; and from that decree this appeal is taken. No written petition, motion, or application was made requesting the vacation of the former judgment, and, so far as we have been able ascertain, none of the statutory grounds for the vacation of the same were stated; but it was evidently vacated for the reason that the court changed its mind in regard to the correctness of the former judgment.

No appeal was prosecuted from the judgment of May 16, entered June 13, 1902, and it is the contention of the appellants that the court had lost jurisdiction of the decree, and had no authority to vacate the same, excepting in the way pointed out by the statute for the vacation of judgments; citing, in support of such contention, *Hancock v. Stewart,* 1 Wash. T. 323; *Whidby Land etc. Co. v. Nye,* 5 Wash. 301, 31 Pac. 752; *Tacoma L. & M. Co. v. Wolff,* 7 Wash. 478, 35 Pac. 115, 755; *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725; *Burnham v. Spokane Mercantile Co.,* 18 Wash. 207, 51 Pac. 363; *State ex rel. Grady v. Lockhart,* 18 Wash. 531, 52 Pac. 315; *Friedman v. Manley,* 21 Wash. 675, 59 Pac. 490; *Roberts v. Shelton Southwestern R. R. Co.,* 21 Wash. 427, 58 Pac. 576; *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182;

*Spokane & I. Lumber Co. v. Stanley,* 25 Wash. 653, 66
Pac. 92.    It is the contention of the respondents, how-
ever, that the alleged decree of the court was not a judg-
ment such as is contemplated by the law, where it pro-
vides a method for the vacation of a judgment, but that
it was simply an interlocutory order, which could not
have been appealed from, and that the court, therefore,
had a right to change or correct such order at any time
before final judgment; so that the pertinent question is
whether or not the judgment entered by the court was a
final judgment, from which an appeal would lie.    If it
was, we think the cases cited by the appellant are pertin-
ent, and the judgment complained of should be reversed.

The record shows that, on the 16th day of May, this
cause came regularly on to be heard on the petition of
the executrix for the sale of real estate for the payment
of the debts of the estate.    It also shows, that a *bona fide*
and earnest contest was entered into by Clara Marie Lol-
maugh and Edgar L. Barker, sister and brother of the
deceased, appellants here, and by Melba Washburn, a
minor, by her guardian *ad litem,* all represented by earn-
est and eminent counsel, and that formal objection was
raised to the selling of the real estate of said estate by
the appellants herein; that a demurrer was interposed to
these said objections by the respondents herein; that the
court considered arguments thereon, both oral and writ-
ten, and entered a formal and solemn decree.    The de-
cree was not, as we view the record, the disposition of an
interlocutory matter, but the matter under adjudication
was the construction of the will, and was the final deter-
mination of the rights of the parties to this action under
the will, as much a decree flowing from the construction
of the will as the present decree is, and as susceptible of

appeal.   No appeal having been taken from this judg-
ment, and the statutory steps not having been instituted
for its vacation, under the rule announced in *Burnham
v. Spokane Mercantile Co.*, 18 Wash. 207, 51 Pac. 363,
and *Coyle v. Seattle Electric Co.*, 31 Wash. 181, 71 Pac.
733, where *Burnham v. Spokane Mercantile Co.*, *supra*
was reviewed and followed, the court erred in vacating it.

This conclusion renders unnecessary a consideration of
the second assignment of error, which embraces the con-
struction of the will.   The judgment is reversed.

HADLEY, MOUNT, and ANDERS, JJ., concur.

FULLERTON, C. J.—I concur for the reasons stated in
the opinion of the court, but do not wish to be understood
as indorsing the case of *Coyle v. Seattle Electric Co.*, or
*Burnham v. Spokane Mercantile Co.*, as construed in the
*Coyle Case.*