[No. 15825.     Department One.     August 18, 1920.]

ADA M. ROGERS, *Appellant,* v. JOHN E. SAVAGE *et al.,*
*Respondents.*[1]

NEW TRIAL (5)—SUCCESSIVE APPLICATIONS—POWERS OF COURT.
The court has no jurisdiction, after the denial of a motion for new
trial and the proper entry of judgment in the case, to again con-
sider a like motion, based upon the same grounds, and make another
order in the case.

APPEAL (388)—RIGHT TO ALLEGE ERROR—CROSS-APPEALS.     The
supreme court is limited to matters complained of by appellant, in
the absence of a cross-appeal by respondent.

Appeal from an order of the superior court for King
county, John L. Corrigan, judge *pro tempore,* entered
December 13, 1919, vacating a judgment and granting
a new trial, after the verdict of a jury rendered in
favor of the plaintiff. Reversed.

*Van C. Griffin,* for appellant.

*Piles & Halverstadt,* for respondents.

MITCHELL, J.—This case was tried to a jury, and a
verdict was returned and filed on September 18, 1919,
in favor of the plaintiff in the sum of $5,000. Defend-
ants served and filed two motions, one for judgment
*non obstante veredicto,* the other for a new trial. The
motion for a new trial was made in part for "errors
in law occurring at the trial and excepted to at the
time by the defendants." Thereafter, November 7,
1919, both motions came on for hearing, were pre-
sented to and disposed of by the court, as shown by
the entry made by the clerk in the journal on that date
as follows:

"Motion for new trial granted unless plaintiff con-
sents to reduction of damages from $5,000 to $3,000.

[1]Reported in 192 Pac. 13.

Plaintiff to have ten days to consider and submit choice.

"Defendants' exceptions signed. Motion for judgment *non obstante veredicto* denied. Whereupon in conformity of the statute, judgment is hereby entered in favor of plaintiff and against defendants for $5,000 in accordance with verdict."

The entry shows the notation (no date given): "Entry in execution docket, volume 58, page 272."

Choosing to comply with the terms imposed by the court in making the order denying the motion for a new trial effective, plaintiff, on November 8, 1919, filed in the clerk's office a duly signed and acknowledged writing remitting $2,000 from the amount of damages awarded by the jury. On November 19, 1919, the clerk carried the judgment to the execution docket and entered it at volume 58, page 272. It shows a judgment against defendants in the sum of $5,000, with an endorsement thereon as follows: "Remission of $2,000 from this judgment by plaintiff filed Nov. 8, 1919."

Thereafter, November 24, 1919, defendants filed a motion for an order as follows:

"To set aside the order heretofore rendered and entered herein denying defendants' motion for a new trial, and to grant a rehearing on said motion and a reargument thereof, upon the ground and for the reason that said motion was decided contrary to law and through the inadvertence and oversight of defendants' attorneys in not having discovered and called to the attention of this court a decision of the supreme court of this state in the affidavit heretofore attached."

On December 4, 1919, defendants served and filed a motion for an order setting aside the judgment entered by the clerk, claiming such entry was contrary to the instructions of the court. On December 6, 1919, an order was signed and entered granting the motion

to set aside the judgment and continuing the motion for a rehearing of the motion for a new trial to December 13, 1919. On the latter date the motion for a rehearing of the motion for a new trial was presented to the court and granted, as shown by an entry in the journal, and a formal order to that effect was signed and entered on December 18, 1919.

Plaintiff has appealed, and contends the judgment was erroneously set aside, and that the court had no power to re-entertain the motion for a new trial after the judgment and the formal order denying the motion for a new trial had been entered.

Section 431, Rem. Code, provides that, when a trial by jury has been had, judgment shall be entered by the clerk immediately in conformity to the verdict. The record is silent as to why the clerk did not enter judgment on the day the verdict was received, but manifestly it was to accommodate respondents, at least it was to their advantage in the filing of their motion for a judgment *non obstante veredicto,* under the rule repeatedly announced by this court that such motion is untimely coming after entry of judgment upon the verdict. *Carkonen v. Columbia & P. S. R. Co.,* 86 Wash. 473, 150 Pac. 1162; *Paich v. Northern Pac. R. Co.,* 86 Wash. 379, 150 Pac. 814; *Forsyth v. Dow,* 81 Wash. 137, 142 Pac. 490.

The filing of a motion for a new trial at the same time the motion for judgment *n. o. v.* was filed in no way interfered with nor interrupted the entry by the clerk of judgment upon the verdict. While § 402 of the code (Rem.) provides that a motion for a new trial in jury cases must be served and filed within two days after the verdict, § 431 of the code, after directing the clerk to immediately enter judgment upon the verdict, provides that, if a motion for a new trial shall

be filed, execution shall not issue upon the judgment until the motion shall be determined; and further provides that the granting of such a motion shall operate as the setting aside of the judgment. Thus, seeing that a motion for a new trial in no way stays the entry by the clerk of a judgment on the verdict, it became the duty of the clerk in the present case to perform, as he did, the ministerial act of entering the judgment immediately upon the denial of respondents' motion for judgment *non obstante veredicto,* unless there was some valid reason to the contrary.

The formal order signed on December 18, 1919, on the subject of the entry of the judgment by the clerk, says:

"And it appearing to the court that, on the 7th day of November, 1919, upon the ruling of the court denying defendants' motion for a new trial herein, and defendants' motion for judgment *non obstante vere-dicto,* the clerk of this court, contrary to said rulings, and contrary to the instructions of the court, entered a judgment for $5,000, in favor of the plaintiff above named and against the defendants above named, as shown by the minutes of the court in said cause, and that said judgment was contrary to the rulings and instructions of the court."

It is not made clear as to just what is meant by the words "as shown by the minutes of the court." Section 75 of the code, in enumerating the books the clerk shall keep, provides, in subd. 3 thereof, for a "minute-book" designed solely for the purpose of keeping accounts of the attendance and mileage of witnesses and jurors, to enable the clerk to make out cost bills. Subd. 4 of the same section provides:

"He shall also provide and keep a well-bound book, to be called the order book or journal, in which he shall record the daily proceedings of the court, and

enter all verdicts, orders, judgments, and decisions thereof, . . ."

Therefore, we take it that the words "as shown by the minutes of this court" refer to journal entries, which, to say the least, have never been ordered altered or expunged as correctly showing all the proceedings of the court, orders, judgment, and decisions had and made on the dates mentioned.

The only orders or decisions of the court it could be claimed were violated by the clerk in entering the judgment were, (1) the journal entry of November 7, 1919, hereinbefore set out in full, and (2) the journal entry of December 6, 1919, wherein it is simply stated: "Defendants' motion to set aside judgment entered by the clerk on November 7th, 1919, argued. Granted." This last entry gives no evidence of any ruling violated by the entry of judgment; nor does the entry of November 7, 1919. It says: "Motion for a new trial granted unless plaintiff consents to reduction of damages from $5,000 to $3,000. Plaintiff to have ten days to consider and submit choice. Defendants' exceptions signed." Plaintiff did consider, and on the next day filed in the cause a written remission of $2,000, which automatically reduced the $5,000 judgment to that extent. The journal entry of the judgment gave notice of the volume and page of the execution docket to which it was carried, and that in turn showed a credit of $2,000 upon the judgment as entered, as required by §§ 448, 454 of the code, concerning entries in the execution docket of all proceedings subsequent to the judgment, down to and including final satisfaction.

The condition imposed by the trial judge upon which the motion for a new trial would be denied was met within the time limited, and the judgment entered, together with the credit thereon entered in the execution

docket, became fixed, certain and definite and was the judgment the verdict of the jury, thus reduced by the court, called for. We think the order setting it aside was erroneous.

On the second branch of the case we are satisfied that the trial court had no power to reconsider the motion for a new trial at the time it did. This is not a case falling within the provisions of § 303, Rem. Code, providing for relief in case of mistake, inadvertence, surprise or excusable neglect, such as was the case of *Clein v. Wandschneider,* 14 Wash. 257, 44 Pac. 272; for the affidavit and motion upon which the court acted states that the court had erroneously decided the motion in the first instance because attention had not been called to a recent decision of this court which it was claimed controlled the situation. The order of the court of December 18, 1919, is to the same effect. It says, among other things:

"And the court being of the opinion that its order heretofore made and entered herein on the 7th day of November, 1919, denying defendants' motion for a new trial herein was erroneous, and that said error was committed solely by reason of the fact that the decision above referred to was not called to the court's attention by attorneys for defendants at the time of the argument of said motion, and that said decision was not then in mind by the court; now, therefore, in view of the premises

"It is ordered, That the defendants' motion for a new trial herein be, and the same hereby is granted, solely upon the authority of the case of Konick vs. Champney."

It is a case wherein the trial court, after disposing upon its merits of a motion for a new trial pending at the time of the entry of judgment, which entry had been stayed because of a motion for judgment *non obstante veredicto,* thereafter reconsidered and con-

cluded there was error in the first ruling. The reconsideration came after a motion to the same effect had been denied and after the entry of judgment. We are satisfied that, after the denial of the motion for a new trial filed within two days after the verdict of the jury, and after the proper entry of judgment in the case, a trial judge is without jurisdiction to again consider a like motion, based upon the same grounds, and make another order in the case. Such is the rule announced in the case of *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207, 51 Pac. 363. In fact, we do not understand counsel for respondents to contest this proposition, but only insist it is not applicable in this case for the reason the judgment had not been properly entered by the clerk. We have seen, however, the judgment was properly entered, and hence the application of the rule in the *Burnham* case.

Counsel for respondents insist upon a consideration of the complaint as tested by their motion to separately state, and their demurrer that two causes of action were improperly united. We decline the consideration thereof because limited to those matters complained of by the appellant. There is no cross-appeal by the respondents.

Reversed and remanded to the trial court with direction to set aside the order granting the respondents' motion to set aside the judgment, and also to set aside the order of December 18, 1919, vacating and setting aside the order of November 7, 1919, denying the motion for a new trial.

HOLCOMB, C. J., PARKER, MACKINTOSH, and MAIN, JJ., concur.