JOHN BLAKE, *Petitioner*, v. P. E. MAHONEY, *as Acting Warden of the State Penitentiary, Respondent*.[1]

*Newton C. McCoy,* for petitioner.

*The Attorney General* and *W. A. Toner, Assistant,* for respondent.

[1]Reported in 113 P. (2d) 1028.

MAIN, J.—This cause is here on a petition for a writ of *habeas corpus.*

John Blake was charged, in the superior court of King county, by information, with the crime of robbery, the information containing three counts. January 7, 1927, the jury returned a verdict finding him guilty upon each of the counts. Thereafter, the petitioner was charged with being an habitual criminal, and was found guilty by the jury. February 11, 1927, he was taken before the department of the court in which he was found guilty of robbery, and, after the court overruled the motion for new trial which had been interposed, the following minute entry was made by the clerk:

"Motion for new trial denied. Exception. The Court sentences the defendant John Blake alias Mark McCoy to from 5 to 15 years on each count in the State Penitentiary at Walla Walla, the sentences to run concurrently."

Subsequent to this, and on the 23rd day of February, 1927, the petitioner was taken before the department of the court in which he had been found to be an habitual criminal, and he was there sentenced as such. The judgment and sentence recite that he was guilty of "being an habitual criminal" and was sentenced to be confined in the state penitentiary at Walla Walla for the term of his natural life. He entered the penitentiary August 3, 1927, by reason of a warrant of commitment based upon the judgment and sentence above referred to, and he has remained in the penitentiary under that commitment ever since.

The charge of being an habitual criminal does not constitute an offense in itself, but merely provides an increased punishment for the last offense. *State v. Le Pitre,* 54 Wash. 166, 103 Pac. 27; *State v. Johnson,* 194 Wash. 438, 78 P. (2d) 561. From this it follows that

the petitioner has been held in the penitentiary under a void sentence and commitment.

He takes the position that the minute entry showing his sentence upon the robbery charge was a final judgment, and that he has served a longer time in the penitentiary than he was required to under that minute entry. In support of his claim that the minute entry was a final judgment, he cites the cases of *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207, 51 Pac. 363, and *Coyle v. Seattle Electric Co.*, 31 Wash. 181, 71 Pac. 733, in each of which cases it was held that, when the clerk's minute entry shows that the court granted a motion for new trial, the court could not thereafter, upon the same facts, set aside that motion, inasmuch as the minute entry was, in effect, a final judgment as to the particular matter covered. In the second of the cases cited, it was expressly recognized that the minute entry was not a "final judgment in the case." We are of the view that the holding in those cases is not applicable to the minute entry here involved.

The robbery case, as already appears, was tried to a jury and the verdict returned. In Rem. Rev. Stat., § 431 [P. C. § 8081], it is provided that:

"In any action tried by jury in which a verdict is returned, judgment in conformity with the verdict may be entered by the court at any time after two days from the return of such verdict. . . . The judgment shall be in writing, signed by the judge of the court in which the action is pending, and shall be filed with the clerk and recorded in the journal of the court."

The minute entry was ineffectual as a final judgment and sentence.

The petitioner is not entitled to be released on *habeas corpus* on account of being held under a void sentence and commitment upon the habitual criminal charge, inasmuch as he may still be sentenced upon

the robbery charge by a proper judgment entered in that case, taking into consideration the habitual criminal conviction. The petitioner should be returned to the court in which he was convicted of robbery for re-sentence.

The petition for the writ of *habeas corpus* will be denied.

ROBINSON, C. J., BLAKE, STEINERT, and DRIVER, JJ., concur.