[No. 28636. Department Two. June 19, 1942.]

THE STATE OF WASHINGTON, *Respondent*, v.
JESSE BULLOCK, *Appellant*.[1]

[1]Reported in 126 P (2d) 1083.

*John C. Richards,* for appellant.

*Leslie R. Cooper, C. P. Brownlee,* and *Philip Sheridan,* for respondent.

BEALS, J.—Jesse Bullock was charged by information with the crime of rape, and after pleading not guilty, was put upon his trial, the jury, May 28, 1941, returning a verdict of guilty as charged. Motion for new trial was made the following day, and a supplemental transcript filed herein shows the following minute entry, as entered by the clerk under date June 14, 1941:

"342   State                    vs.        Jesse Bullock
       Leslie R. Cooper                    John C. Richards
       Motion for new trial.
       Motion for new trial denied.
       Bond increased to $5000.00.
       Judgment and sentence continued to 9:30
           A. M. June 18th, 1941."

June 18th following, the court signed a judgment of guilty, imposing upon the defendant a maximum sentence of twenty years. The judgment and sentence, which were signed and filed June 18th, recite the presence in court of the defendant, his counsel, and the prosecuting attorney.

The following day, June 19th, a written order denying the defendant's motion for a new trial was signed and entered. This order recites that the matter had come on regularly before the court for hearing upon the motion for new trial June 14, 1941, the date of the minute entry above set forth.

The defendant attempted to appeal to this court from the judgment of guilty, his appeal having been here dismissed and the judgment affirmed. After these proceedings were concluded, the defendant filed in the superior court a motion for vacation of the judgment, arguing that the judgment had been prematurely and irregularly entered, and was consequently void. After argument, the superior court entered an order denying defendant's motion, from which order defendant has appealed.

Appellant assigns error upon the refusal of the trial court to vacate and set aside the judgment, appellant contending that the record as above set forth shows that the judgment was prematurely and irregularly entered, in that, at the time of the entry of the judgment, appellant's motion for a new trial was pending before the court, as shown by the formal order denying the same, signed and filed on the day following the entry of the judgment.

Appellant seasonably made and filed his motion for a new trial. Rem. Rev. Stat., § 431 [P. C. § 8081], reads in part as follows:

"Any motion for judgment notwithstanding the verdict, or any motion for a new trial, or any motion attacking the verdict for other causes, shall be served on the adverse party and filed with the clerk of the court within two days after the return of the verdict, and no judgment shall be entered in the cause until after the disposition of such motion."

Appellant argues that the minute entry of June 14, 1941, *supra*, amounts to no more than an oral indication of the ruling which the trial court, on the date referred to, intended to at some future date embody in a formal written order, and that, until the entry of such an order, the trial court might have changed the ruling

previously announced and made an order of a different tenor from that contained in the minute entry.

Appellant, in support of his contention, cites several of our decisions. In *Chaffee v. Hawkins,* 89 Wash. 130, 154 Pac. 143, 157 Pac. 35, an action brought for the purpose of foreclosing a mortgage, it was held that "the announcement of the court's intention, either orally or by way of memorandum opinion, is not the entry of a judgment," and that the appealable order is the final and formal judgment.

Several others of our decisions are to the same effect, but the question here presented does not involve the entry of a final judgment, but merely a ruling upon a motion for a new trial.

In the case of *State ex rel. Echtle v. Card,* 148 Wash. 270, 268 Pac. 869, 59 A. L. R. 519, it was held that an oral sentence entered upon an information charging a serious crime, followed by an announcement that the sentence would be suspended, the proceedings being shown by the clerk's minute entry only, was not binding upon the court, and that the court at a later date could change the sentence, if desired, and refuse to suspend the same. It was sought to review the order suspending the sentence, as shown by the clerk's minute entry, prior to further proceedings before the superior court. It was held that the oral pronouncement of sentence and the oral order of suspension were subject to change by the court, and could not be relied upon as final orders.

In reaching this conclusion, the court cited Rem. Rev. Stat., § 2187 [P. C. § 9390], which provides that

"When the defendant is found guilty, the court shall render judgment accordingly and the defendant shall be liable for all costs, unless the court or jury trying the cause expressly find otherwise."

68

and § 2190 [P. C. § 9306]:

"After verdict of guilty or finding of the court against the defendant, if the judgment be not arrested or a new trial granted, the court must pronounce judgment."

A ruling upon a motion for new trial is not of itself the entry of a formal or final judgment.

In the case of *Blake v. Mahoney,* 9 Wn. (2d) 110, 113 P. (2d) 1028, we held that a minute entry embodying the denial of a motion for new trial and imposing a sentence, was ineffectual as a final judgment and sentence. We, however, recognized the rule that the clerk's minute entry, showing that the court had ruled upon a motion for a new trial, constituted a final decision upon that matter.

In the case of *Coyle v. Seattle Electric Co.,* 31 Wash. 181, 71 Pac. 733, it was held that the trial court could not change its ruling granting a new trial, as shown by the court journal, and after reconsideration deny the motion.

In the early case of *Burnham v. Spokane Mercantile Co.,* 18 Wash. 207, 51 Pac. 363, it was held that the denial of a motion for new trial, made in the presence of objecting counsel who excepted thereto, constituted a final order, even though the motion had not been formally brought on for hearing by three-day notice, and that a later order granting a new trial, entered by a judge who had succeeded to the office held by the judge who had denied the motion, was erroneous. In the course of the opinion, the court cited the opinion of the supreme court of Wisconsin in the case of *Rogers v. Hoenig,* 46 Wis. 361, 1 N. W. 17, in support of the proposition that, after a new trial has been absolutely denied, a second motion for the same relief, founded upon substantially the same grounds, cannot properly be granted.

In the case of *Rogers v. Savage,* 112 Wash. 246, 192 Pac. 13, after the verdict of a jury in favor of the plaintiff in the sum of five thousand dollars, the defendants moved for judgment notwithstanding the verdict, filing an alternative motion for a new trial. Thereafter both motions, having come on for hearing, were disposed of by the court, as shown by the entry made by the clerk in the journal, as follows:

" 'Motion for new trial granted unless plaintiff consents to reduction of damages from $5,000 to $3,000. Plaintiff to have ten days to consider and submit choice.
" 'Defendants' exceptions signed. Motion for judgment *non obstante verdicto* denied. Whereupon in conformity of the statute, judgment is hereby entered in favor of plaintiff and against defendants for $5,000 in accordance with verdict.' "

The plaintiff having filed her election to remit two thousand dollars from the amount of the verdict, the clerk entered the judgment upon the verdict for five thousand dollars, showing the remission of two thousand dollars. Thereafter the defendants moved to set aside the order denying their motion for a new trial and for a rehearing on that motion, also moving to set aside the judgment entry. The court granted the motion for a rehearing on the motion for new trial, and after argument, granted a new trial. On plaintiff's appeal, it was held that, as the motion for new trial had been denied, as shown by the clerk's entry on the journal, and as thereafter judgment on the verdict had been properly entered by the clerk, the trial court was without jurisdiction to again consider the motion for a new trial.

The case last cited is here in point.

From the record before us, it appears that the motion for new trial was heard in the presence of appellant's counsel, was denied, and the ruling of the court noted

in the court minutes. The record, then, shows a complete disposition of the motion.

The judgment of guilty shows that appellant was in court when the judgment was entered, and that his counsel was also present. The judgment also shows that appellant was

". . . by the court asked if there is any legal cause to show why the judgment of this court should not be pronounced and the sentence of the law imposed, and no cause being shown . . ."

Appellant attempted to appeal from the judgment as entered, but his appeal was dismissed. Later, appellant instituted the proceeding which resulted in the appeal now before us.

It cannot be held that the entry of the written order denying the motion for new trial on the day following the signing and filing of the formal judgment required the superior court to vacate and set aside the judgment. The record shows that, at the time the judgment was signed, appellant's motion for new trial had been denied, and that, at the time of the denial of the motion for new trial, the case was continued for judgment to the day the judgment was signed. So long as the entry upon the minutes of the court showing the denial of appellant's motion for new trial had not been successfully impeached, the court could take no further action upon that motion. Under the authorities, the court's ruling as disclosed by the minutes of the court was final. The court could not thereafter grant the motion for new trial, and the later entry of a formal written order denying the motion neither added to nor detracted from the record as it then stood.

It does not appear that, at the time of the signing of the judgment, it was suggested on appellant's behalf that any order in connection with or referring to the motion for new trial should be entered, or that for any

reason the final judgment in the cause should not then be signed. The judgment itself indicates that no such suggestion was made.

The judgment, when signed and entered, was entirely regular, and the later filing of the written order denying the motion for new trial had no effect whatever upon that judgment.

Our conclusion upon this phase of the case renders unnecessary any discussion of respondent's argument that the question now urged by appellant could be presented only upon an appeal to this court from the judgment. Upon that question we express no opinion.

The trial court properly denied appellant's motion to vacate and set aside the judgment, and the order appealed from is affirmed.

ROBINSON, C. J., BLAKE, STEINERT, and JEFFERS, JJ., concur.

[1]Reported in 126 P. (2d) 1086.