[No. 28854.   Department One.   January 29, 1943.]

*In the Matter of the Petition of* CHRIS MCCAULEY *for a Writ of Habeas Corpus.*[1]

*Chris McCauley, pro se.*

*The Attorney General, Shirley R. Marsh, Assistant,* and *Lloyd Wiehl,* for respondent.

PER CURIAM.—This case was heard in this court upon the petition of Chris McCauley for a writ of *habeas corpus.* The record discloses the following facts:

May 18, 1937, the petitioner was charged by information in the superior court of the state of Washington for Yakima county with the crime of burglary in the second degree. Following the filing of that information, the petitioner entered a plea of guilty to the crime of petit larceny, the plea being entered in order to reduce the offense from that of burglary. The record further discloses that, immediately following the entry of the plea, an information was filed, charging petitioner with being an habitual criminal; that thereafter the habitual criminal charge was submitted to a jury which returned a verdict of guilty. Thereafter, a judgment and sentence was pronounced upon the crime of being an habitual criminal, imposing a life sentence in the Washington state penitentiary, at which place petitioner has since been retained.

These facts are similar to those in the cases of *Blake v. Mahoney,* 9 Wn. (2d) 110, 113 P. (2d) 1028; *In re Cress,* 13 Wn. (2d) 7, 123 P. (2d) 767, and *In re Towne,* 14 Wn. (2d) 633, 129 P. (2d) 230. The opinion in the last case is controlling here. It is therefore ordered, and we now direct, as follows: The superintendent of the state penitentiary shall deliver the petitioner into the custody of the sheriff of Yakima county for a resentence by the superior court of that county, taking into consideration the habitual criminal conviction. If, at the expiration of thirty days from the time of his delivery into the custody of the sheriff, the petitioner shall not have been resentenced, he may have the right to apply to this court for final judgment upon his petition herein.

[1] Reported in 133 P. (2d) 525.