[No. 2014. Decided March 12, 1896.]

S. CLEIN *et al., Appellants,* v. FRANK WANDSCHNEIDER *et al., Respondents.*

### ORDER VACATING JUDGMENT — OBJECTIONS ON APPEAL.

An order vacating a judgment will not be reversed on appeal on the technical ground that it was granted after the denial of a former motion for such an order, made upon the same grounds, when the first motion should have been granted upon the showing made.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Affirmed.

*Gill, Keene & Shaw,* for appellants.

*Charles F. Fishback,* for respondent Benney.

The opinion of the court was delivered by

SCOTT, J.—The appellants, on October 4, 1894, recovered judgment by default against respondent Benney as garnishee; and on November 14 sold certain property under an execution issued thereon. On November 28, Benney moved the court to vacate the judgment on the ground that it was obtained by reason of his mistake, inadvertence and excusable neglect; which motion was, on December 8, denied by the court; and on December 11, he made a motion for leave to renew his motion to vacate and set aside said judgment, on substantially the same grounds as those specified in the original motion; and after a hearing thereon, the court made an order setting the judgment aside and allowing Benney to answer. Whereupon a trial was had which resulted in discharging him.

The appellants contend that the court erred in setting aside the judgment in the manner in which it

17—14 WASH.

was set aside; that after denying the original motion the court had no authority to entertain another upon the same grounds. And, furthermore, they contend that no second motion to set aside the judgment was made, but that the same was vacated upon the motion for leave to make a second motion for that purpose; and it is further contended that it was an abuse of discretion upon the part of the court to set aside the judgment without imposing costs upon the garnishee.

We think the technical questions of practice raised by appellants are without any substantial merit, for in our opinion the court should have set aside the judgment upon the first application, upon the showing made. It is true the respondent might have appealed from the denial and obtained his remedy here. Instead of so doing he chose to make another attempt in the lower court, and, conceding for the purposes of this case that the court had no authority to entertain a second motion upon the same grounds as the former, we think that in considering it upon appeal we should go back to the original wrong, and that was the denying of the first motion to vacate. Otherwise the respondent would probably be without any remedy. He could not have appealed from the order denying the first motion after he had made a second attempt which was successful, and if we should set aside the final action of the court upon the second attempt on the technical grounds raised by appellants,—which would in effect reinstate the judgment against Benney,— it would result in a great injustice to him. Appellate courts should look at the substance of what was done rather than the manner in which it was done.

Nor do we think, under the circumstances of this case, that there was any abuse of discretion in not im-

posing terms as a condition for vacating the judgment. Affirmed.

HOYT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.