[No. 2779. Decided December 7, 1897.]

THE STATE OF WASHINGTON, *on the Relation of Wyatt J. Rucker*, v. THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR SNOHOMISH COUNTY *et al.*

COURTS — AUTHORITY OF SUCCEEDING JUDGE — VACATION OF JUDGMENT — RENEWAL OF MOTION ON SAME GROUNDS — ABUSE OF DISCRETION.

A change in the incumbency of the judgeship of the superior court would not affect the right of the successor to pass upon the vacation of a judgment rendered by his predecessor, as the action of the judge is that of the superior court.

The action of the superior court in subsequently vacating a judgment upon a second motion therefor, based upon the same grounds and the same showing as were presented upon a prior motion to vacate which had been refused, will not be interfered with by the supreme court, when it appears that the action of the court in the first instance was an abuse of discretion.

*Original Application for Writ of Review.*

*Crowley & Grosscup*, and *Sullivan & Christian*, for petitioner.

*Stiles & Harvey*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—An action at law was pending in the superior court of Snohomish county in which the J. F. Hart Lumber Company was the plaintiff, and the plaintiff here, Wyatt J. Rucker, was the defendant. The action was at issue upon the complaint, answer and reply. In December, 1896, the defendant in the action applied to have the cause assigned for trial. The plaintiff in the action objected to the case being set for trial on various grounds, and filed affidavits in support thereof. The court overruled the objections of the plaintiff in the action and assigned the cause for the 28th of December, 1896. On the 18th of December both plaintiff and defendant appeared in the superior court and plaintiff moved that the order setting the cause for trial be vacated, which motion was overruled by the superior court, to which ruling the plaintiff excepted. On the 24th day of December, defendant served notice upon the attorneys and plaintiff that defendant would proceed in the cause on the 28th of December, 1896. When court convened on the 28th of December plaintiff appeared by one of its attorneys, and defendant by his attorneys. The court inquired if the parties were ready. Defendant replied that he was. Mr. Hart, attorney for the plaintiff, stated that

he did not understand there was a jury in attendance in
the court at the time.   The court ascertained that the panel
of the jury was not full, and adjourned the cause until De-
cember 29th, when the cause was again called for trial.   Mr.
Hart, one of the attorneys for plaintiff, moved for continu-
ance.   This motion was overruled and plaintiff excepted.
The motion for continuance assigned the following grounds:
(1) That the supreme court had issued its alternative writ
of prohibition commanding the superior court to desist and
abstain from further proceedings in the cause until the final
disposition of the writ, on January 15, 1897;   (2) That
plaintiff was not and could not be prepared for trial before
January 16, 1897;   (3) That plaintiff had been misled by
statements of the superior court;   and the motion was based
upon the files of the cause, the writ of prohibition which
had been served upon the judge of the superior court, and
a number of affidavits filed in the cause on the 17th of De-
cember, 1896.

All but two of the affidavits filed on the motion for con-
tinuance had been originally filed on the 17th of December,
at the time plaintiff objected to having the cause assigned
for trial.   In opposition to the motion for continuance, the
defendant filed counter-affidavits.   The motion for continu-
ance was overruled and exceptions allowed by the court.   A
jury was called to try the cause.   Objection was then made
to the trial by Mr. Hart, attorney for plaintiff, who stated
that he appeared specially, and objected that the court had
no jurisdiction on the ground that it was in direct defiance
of the writ of prohibition and on the ground that the judge
was disqualified by reason of bias and prejudice.   The court
stated that plaintiff had an opportunity to state his case to
the jury, and Mr. Hart answered that plaintiff was not pro-
ceeding.

The court thereupon directed verdict to be rendered in favor of the defendant, which verdict was duly returned, and judgment was entered in favor of the defendant in the action, and for the costs and disbursements accrued.

Then the plaintiff caused a bill of exceptions to be settled on the 16th of January, 1897. This bill of exceptions embraced all the affidavits, the writ of prohibition and counter-affidavits previously filed in the cause and before final judgment entered therein. Plaintiff, after said bill of exceptions was settled, filed, on the 13th day of February, 1897, a motion to vacate the judgment entered on the 29th of December, 1896. This motion to vacate the judgment assigned a number of grounds; that the cause was improperly set for trial on the 17th of December; a reasonable time was not allowed for plaintiff to prepare for trial; surprise on the part of the plaintiff; the action of the court on the 23d of December in discharging the jury and causing another jury to be drawn; because the action was taken pending the hearing of the writ of prohibition in the supreme court, and left plaintiff five days in which to prepare for trial, which was not a reasonably sufficient time; and because the judge of the superior court had, on December 26th, stated to plaintiff's attorney that he would not try the cause while the writ of prohibition was pending; and also because of bias and prejudice of the judge of the superior court.

The grounds assigned in the motion to vacate the judgment were substantially the same as those presented to the court for a continuance of the cause before the judgment of dismissal was entered therein, and the same showing which had been presented on the motion for continuance was before the court on the motion to vacate the judgment.

The judge of the superior court, who directed the judgment of dismissal on the 29th day of December, 1896, re-

tired from office and his successor occupied the office at the time the motion to vacate the judgment was made. The action of the superior court is that of the judge of the court, and a change in the persons who occupied the position does not affect the consideration of the vacation of the judgment. The plaintiff in this application has presented the whole record, heretofore stated, from the superior court. Defendants have demurred to the petition of plaintiff upon this record. The plaintiff in this application heretofore appealed to this court from the order of the superior court vacating the judgment in the original cause, and the court determined upon the appeal in *J. F. Hart Lumber Co. v. Rucker*, 17 Wash. 600 (50 Pac. 484), that the order setting aside the judgment of dismissal of the original cause was not appealable, and held that such judgment was one of nonsuit or dismissal, and that the vacation of such judgment was not an order granting a new trial.

It was held in *Burnham v. Spokane Mercantile Co., ante,* p. 207, that the superior court could not review its order granting or refusing a new trial, but that case was distinguished from the case of *Clein v. Wandschneider*, 14 Wash. 257 (44 Pac. 272). It would seem that the rulings of this court on questions of practice ought not to be disturbed except for most cogent reasons; and the case of *Clein v. Wandschneider, supra,* becomes decisive upon this application, upon the consideration of the whole record presented here by the plaintiff. That was a case where judgment by default was entered, and the respondent moved the court to vacate the judgment on the ground that it was obtained by reason of his mistake, inadvertence and excusable neglect, which motion was denied by the court, and thereafter the respondent made a motion for leave to renew his motion to vacate and set aside the judgment, on substantially the same grounds as those specified in the original motion,

and, after hearing, the superior court made an order setting the judgment aside. It was contended by appellants in that case that, after denying the original motion to vacate the judgment, the superior court had no authority to entertain another motion upon the same grounds. The court said, in ruling against the contention of appellants:

" We think the technical questions of practice raised by appellants are without any substantial merit, for in our opinion the court should have set aside the judgment upon the first application, upon the showing made. It is true the respondent might have appealed from the denial and obtained his remedy here. Instead of so doing he chose to make another attempt in the lower court, and, conceding for the purposes of this case that the court had no authority to entertain a second motion upon the same grounds as the former, we think that in considering it upon appeal we should go back to the original wrong, and that was the denying of the first motion to vacate. . . . Appellate courts should look at the substance of what was done rather than the manner in which it was done.

"Nor do we think, under the circumstances of this case, that there was any abuse of discretion in not imposing terms as a condition for vacating the judgment."

Upon the record presented here upon this application the court is satisfied that the superior court should have granted a continuance to plaintiffs in the original action against this plaintiff, which action was dismissed on the 29th of December, 1896, and that the order denying the same was an abuse of discretion.

The application for a writ of review is denied.

SCOTT, C. J., and DUNBAR and GORDON, JJ., concur.

ANDERS, J., (concurring).—I think the motion to set aside the judgment should be considered by itself, without reference to the previous motion for a continuance; and I am therefore of the opinion that the court had com-

plete jurisdiction to hear and determine it.   For the above reasons I concur in denying the writ of review.