BENEDICT BENSON *vs.* FRANK E. HALL.

Norfolk. December 6, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Evidence*, Admissions and confessions. *Practice, Civil*, New trial, Death of judge.

In an action of contract for a balance alleged to be due for remodelling a barn into a dwelling house, where two sets of specifications have been put in evidence, one by the plaintiff and the other by the defendant, each contending that his set and not the other was the foundation of the contract between the parties, the plaintiff may show that the defendant took the set of specifications put in evidence by the plaintiff to a co-operative bank for the purpose of pro-

curing a mortgage, this being evidence of an admission by conduct on the part of the defendant.

If the judge who presided at a trial dies after a motion for a new trial has been filed but before it has been passed upon by him, the motion for a new trial is not to be granted as a matter of right by reason of the death of the judge before whom the case was tried, but, on the contrary, another judge of the same court at a hearing on the motion has the same discretionary power to grant or deny it that the deceased judge had.

BRALEY, J. This is an action of contract to recover a balance alleged to be due for remodelling a barn into a dwelling house. The declaration contains two counts, one upon the contract, and the other upon an account annexed, while the answer was a general denial. At the trial in the Superior Court, before the late Mr. Justice Maynard and a jury, there was evidence that the work was performed in compliance with a set of specifications, which had been signed by the defendant, but not by the plaintiff. It was contended by the defendant, that although he had signed, yet his signature was intended only as an assent for the convenience of the plaintiff, to enable him to purchase lumber. He then introduced another set of specifications, under which it was contended the work should have been done, accompanied by testimony that the plaintiff agreed to perform the work as required by this set. In support of his contention that the first set should control, the plaintiff then was permitted, subject to exception, to show that the defendant had taken this set to a co-operative bank for the purpose of raising a mortgage. But there is nothing in this exception, as it was plainly competent for either party to put in evidence the admissions by conduct of the other relating to the different sets, as forming a part of the testimony, upon which the jury were to decide between these conflicting contentions. The jury having returned a verdict for the plaintiff, the defendant filed a motion for a new trial, during the pendency of which the presiding judge died, and it came on to be heard before the Chief Justice, by whom it was denied. At the hearing, the defendant asked the Chief Justice to rule, that the verdict should be set aside and a new trial ordered, because of the death of the judge before whom the case had been tried. The refusal to give this ruling, presents the question raised by the second exception. It is the defendant's argument, that

only the judge who presided could act, and that his decease operated as an allowance of the motion. But while the defendant had asked for a review of the trial, and the judge to whom he applied was prevented by death from taking judicial action, the tribunal of which he was a member-survived. The discretionary power of the court had been invoked, and if the great advantage which the parties would have derived from being heard by the judge who presided at the trial had been irretrievably lost, yet the defendant did not withdraw his motion, and, until it had been disposed of, the plaintiff could not obtain judgment. In this situation it was open to either party to make application for a hearing to the court whose members severally were clothed with the same powers, and who possessed the absolute right to hear and determine all matters which remained undecided in the case. It was, therefore, within their discretion, as it had been in his, either to grant or to refuse a second trial. *Wamesit Power Co.* v. *Lowell & Andover Railroad,* 130 Mass. 455, 457. *People* v. *McConnell,* 155 Ill. 192. *Life & Fire Ins. Co.* v. *Wilson,* 8 Pet. 291, 303.

*Exceptions overruled.*

*E. J. Parker,* for the defendant.

*J. D. Mackey,* for the plaintiff, was not called upon.