[No. 7283.  Decided June 15, 1908.]

PIERCE COUNTY, *Appellant*, v. JOHN H. BUNCH, *Respondent*,
and TRADERS TRUST COMPANY OF TACOMA, *Appellant*.[1]

APPEAL—DECISIONS REVIEWABLE—FINALITY — VACATION OF TAX
SALE.  An order vacating a tax foreclosure judgment and tax sale
and deed is appealable by the purchaser at the tax sale who was
not a party to the suit, as a final order determining his rights, since
he could not assert rights in the tax case or appeal from the
judgment.

APPEAL—RIGHT TO APPEAL—WAIVER OF OBJECTION.  The objection
that the purchaser at a tax sale was not made a party by order of
intervention, upon a motion to vacate the tax judgment, cannot be
first raised in the supreme court.

APPEAL—RIGHT TO APPEAL—PARTIES IN INTEREST—TAX TITLE PUR-
CHASER.  A purchaser at a tax sale is a party in interest and entitled
to appeal from an order vacating the tax foreclosure judgment.

TAXATION—TAX JUDGMENT—VACATION—NOTICE TO PURCHASER.  A
tax foreclosure judgment cannot be vacated after the tax sale with-
out notice to the purchaser.

JUDGMENT—VACATION—RES JUDICATA—DENIAL OF VACATION—CON-
CLUSIVENESS.  Where a motion to vacate a judgment is denied on the
ground that the motion was improper and the rights of the parties
could not be adjudicated in such a proceeding, it is *res adjudicata*
upon that question, although not made on the merits; and the court
cannot grant a second motion to vacate based on the same grounds.

Appeal from an order of the superior court for Pierce
county, Clifford, J., entered December 26, 1907, in favor of
defendant, granting defendant's motion to vacate a tax fore-
closure judgment and tax sale after overruling special ob-
jections and a hearing upon affidavits.  Reversed.

*Wm. H. Pratt*, for appellants.

*F. Campbell* and *E. L. Culver*, for respondent.

RUDKIN, J.—On the 5th day of December, 1906, a tax
judgment was entered in the superior court of Pierce county

[1]Reported in 96 Pac. 164.

in a certain action entitled Pierce County against Alexander and others, by virtue of a stipulation between the county attorney and the attorney for the respondent, Bunch, who was the owner of the property affected by the judgment. Pursuant to this judgment, the county treasurer sold the property to the appellant Traders Trust Company, on the 22d day of December, 1906, and executed and delivered a tax deed therefor. Thereafter and on the 27th day of May, 1907, the respondent moved to vacate the tax judgment for the reason that the judgment was void and the court without jurisdiction to enter the same. This motion was supported by the affidavit of the deputy prosecuting attorney of the county at the time of the entry of the tax judgment, setting forth that the judgment was entered in the wrong cause by mistake, that the affiant had agreed to notify the respondent of the entry of the judgment but had failed to do so by reason of the fact that the memorandum relating to such notice was deposited in the wrong jacket, and other matters not deemed material. Service on this motion and the accompanying affidavit was accepted by the county attorney and by the attorney for the appellant Traders Trust Company as purchaser at the tax sale. The appellant Traders Trust Company appeared specially and resisted the motion to vacate, on the ground that the respondent was not a party to the action in which the judgment was rendered, and had not been made a party or allowed to intervene; that the court was without jurisdiction to entertain the motion; that the motion was improperly and improvidently made; and that such a proceeding was not a proper one in which to try out and determine the rights of the respondent and appellant Traders Trust Company as purchaser at the tax sale.

These objections were supported by the affidavit of the president of the Traders Trust Company, but the subject-matter of the affidavit is not at this time material. The motion to vacate and the objections thereto were heard on the

11th day of September, 1907, and the court entered the following order, omitting the title of the court and cause:

"This cause coming on to be heard on this day on the motion of John H. Bunch, for an order setting aside the judgment in this cause entered against said defendant, foreclosing the taxes on lot one (1) to six (6) inclusive, block 7809, city addition to Tacoma, Pierce county, Washington, said defendant appearing by his attorney F. Campbell and E. Culver, and the objections thereto by the Traders Trust Company of Tacoma, appearing specially by its attorney Wm. H. Pratt, and the court having listened to and heard the arguments of counsel, and being fully advised in the premises, and it appearing to the court that said motion is improperly made, and that this is not a proper proceeding in which to try the rights of the said John H. Bunch and of the Traders Trust Company in and to the property therein set forth. *It is therefore ordered* that said motion be denied, to which said defendant John H. Bunch excepts and his exception is allowed."

Notice of appeal was given from this order, but the appeal does not appear to have been further prosecuted. On the 2d day of October, 1907, the respondent again moved to vacate the judgment on the ground that the judgment was void and the court without jurisdiction to enter it, but the reasons for the invalidity of the judgment and the want of jurisdiction were stated more fully than in the previous motion. The second motion was supported by the identical affidavit filed in support of the first.

The appellant the Traders Trust Company again appeared specially and objected to the hearing of the motion, on the general grounds urged against the hearing of the former motion, and on the further ground that the motion had been once heard and denied, as heretofore stated. The affidavit filed in support of the former objections was again filed by the appellant Traders Trust Company. On the 26th day of December, 1907, the second motion to vacate was granted, and from the order of vacation this appeal is prose-

cuted by Pierce county and by the Traders Trust Company, the purchaser at the tax sale.

The respondent has moved to dismiss the appeal as to both appellants and as to each of them. The grounds of the motion as to appellant Traders Trust Company are, first, that the order is not appealable; second, that said appellant is not a party in interest and obtained no order allowing an intervention; third, that the order vacating the judgment does not affect said appellant and is not final or binding upon it; and fourth, because said appellant appeared specially in the court below. The ground of the motion to dismiss as to the county is, among others, that the order is not appealable. In so far as the county is concerned, perhaps the order is not appealable; but, inasmuch as a reversal in favor of the other appellant will inure to the benefit of the county from the necessities of the case, we deem it unnecessary to discuss that question. We will therefore consider the appeal of the Traders Trust Company alone, and will hereafter refer to that company as if it were the sole appellant.

The rule governing appeals from orders vacating judgments is thus stated in *Tatum v. Geist*, 40 Wash. 575, 82 Pac. 912:

"If an order vacating a judgment, or quashing a summons or the service thereof, is or may be followed by further proceedings in the cause, and the entry of a final judgment therein, such order may be reviewed on appeal from the final judgment, and is not itself appealable. If, on the contrary, the order vacating the judgment, or quashing the summons or the service thereof, in effect determines the action or proceeding and prevents a final judgment therein, the order itself is a final one, and is therefore appealable."

Under this rule the order vacating the judgment in question is appealable. The appellant was brought into this proceeding but has no interest in or control over the original action. The right which it now asserts cannot be asserted in the tax case nor on appeal from the tax judgment. While

the proceeding is in name a motion to vacate a tax judgment, so far as the appellant is concerned it is in substance and effect a proceeding to set aside a tax sale and tax deed. Had such relief been sought in an independent action, there is no doubt that a right of appeal would exist, and the appellant should not be deprived of that right because its title was adjudicated under the guise of a motion interposed after judgment in an action to which it was not originally a party. For these reasons the order is, in effect, final as to the appellant, and is therefore appealable.

The objection that the appellant was not made a party by order of intervention and that it appeared specially in the court below, cannot be raised for the first time in this court. The objection that the appellant is not a party in interest, and that the order vacating the judgment is not final or binding as to it is not tenable. It should require no argument to show that a purchaser at tax sale is vitally interested in a proceeding which vacates the tax judgment and sale, for if the tax judgment and sale be legally vacated the tax title utterly fails. Whether the appellant is bound by the order setting aside the sale depends on whether it was a party to the proceeding. We have already held that it was a party, but if it were not, the judgment should not have been vacated without notice to it. *Ryno v. Snider, ante* p. 421, 95 Pac. 644. We are therefore of opinion that the motion to dismiss is not well taken on any of the grounds suggested, and the same is accordingly denied.

On the merits, we will first consider the objection that the previous order denying the motion to vacate was a bar to the present proceeding. The respondent contends that it was not for several reasons: First, because of the rule announced by this court in *Clein v. Wandschneider*, 14 Wash. 257, 44 Pac. 272; second, because the former motion was not determined on the merits; and, third, because the latter motion was based on grounds not specified in the former. In *Clein v. Wand-*

*schneider*, so far as the opinion discloses, the court regarded
an objection that the motion to vacate the judgment was
based on the same grounds as a previous motion in the same
cause which had been denied by the court, as a technical ques-
tion of practice without substantial merit.

This case was followed in *State ex rel. Rucker v. Superior
Court Snohomish County*, 18 Wash. 227, 51 Pac. 365. But
in *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207, 51
Pac. 363, it was held that, after the denial of a motion for a
new trial, neither the judge making the order nor his succes-
sor in office, has jurisdiction to consider a second motion based
on the same grounds. The *Clein* case was distinguished on
the ground that the motion in that case was based on mistake,
inadvertence, surprise, and excusable neglect. In *Chezum v.
Claypool*, 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955, it was
held that an order denying a motion to vacate a judgment is
a bar to a subsequent action to cancel the judgment based
on the same grounds. The same rule was announced in *Mc-
Cord v. McCord*, 24 Wash. 529, 64 Pac. 748. In *Wilson v.
Seattle Dry Dock & Ship Bldg. Co.*, 26 Wash. 297, 66 Pac.
384, it was held that an order denying a motion to vacate a
judgment is *res adjudicata* against any subsequent proceed-
ing seeking the same relief.

In *Coyle v. Seattle Elec. Co.*, 31 Wash. 181, 71 Pac. 733,
it was held that after a court grants a new trial it cannot set
aside its former order and deny the new trial for mere error
in its previous ruling, and the *Clein* case was again distin-
guished. It is therefore firmly established by the decisions of
this court that an order denying a motion to vacate a judg-
ment is a bar to any subsequent proceeding seeking the same
relief, and if the *Clein* case cannot be distinguished for the
reasons stated in later cases it must be considered as over-
ruled.

The contention that the first order was not on the merits
is in a measure true. It was in the nature of a judgment on

the pleadings. But while such an order may not be conclusive on the merits, it was nevertheless conclusive on the particular ground on which the order was made. 23 Cyc. 1231. The first order decided that the proceeding to vacate the judgment by motion was improper and that the rights of the parties could not be adjudicated in such a proceeding. To that extent and upon these questions the order was clearly *res adjudicata*. The record now presents this anomalous spectacle. Two orders have been entered in the court below, the one holding that procedure by motion is improper, and the other holding exactly the contrary. Both of these orders are final and neither has been vacated by this court or by the court in which the orders were made. When the first order was denied, three courses were left open to the respondent. He might appeal from the order denying the motion to vacate, he might move the court to vacate its own order on some statutory ground, or he might abide by the decision and pursue some other remedy. Instead of this, he ignored the first order entirely and proceeded as though it had never been made and did not exist. If such a practice is permitted, the denial of one motion will but lead to the interposition of another and there will be no end to litigation. The contention that the second motion was based on different grounds from the first is not supported by the record, for, as stated above, the same affidavit, setting forth the contentions of the respondent in detail, was attached to each motion and was necessarily a part thereof.

We are therefore of opinion that the objection to the hearing of the second motion should have been sustained, and for the error of the court in failing so to do, the judgment is reversed, with directions to dismiss the action.

HADLEY, C. J., FULLERTON, MOUNT, and ROOT, JJ., concur.

DUNBAR and CROW, JJ., took no part.