[No. 12325.   Department One.   August 4, 1915.]

JAMES CARKONEN, *as Administrator etc., Appellant,* v.
COLUMBIA & PUGET SOUND RAILROAD COMPANY,
*Respondent.*[1]

JUDGMENT—NOTWITHSTANDING VERDICT—TIME FOR MOTION.   A motion for judgment notwithstanding the verdict of a jury is not timely when not made until after entry by the clerk of judgment upon the verdict, after which only a motion for a new trial may be entertained.

Appeal from a judgment of the superior court for King county, Humphries, J., entered March 24, 1914, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death.   Reversed.

*Brady & Rummens,* for appellant.

*Farrell, Kane & Stratton* and *Stanley J. Padden,* for respondent.

HOLCOMB, J.—Appellant sued as administrator of the estate of John Athanasiades, deceased, on behalf of the surviving wife and children of deceased, to recover damages for the alleged negligent killing of the decedent by the defendant while he was working as a section man on defendant's interstate railroad.   The action was brought under the employers' liability act of Congress, 35 U. S. Stats. at Large, 65.   The trial before a jury resulted in a verdict for plaintiff in separate sums for the widow and two daughters, which verdict was filed, and the clerk thereupon entered judgment.   Within two days thereafter, respondent filed a motion for a judgment *non obstante veredicto,* and a motion for new trial, stating substantially all the statutory grounds.   On consideration of said motion for judgment *non obstante veredicto,* the court granted same, and in its order specifically stated

[1]Reported in 150 Pac. 1162.

that it did not consider or pass on the motion for a new trial. Judgment was· accordingly entered for the defendant notwithstanding the verdict, and plaintiff appealed therefrom.

Appellant first contends that the trial court erred in granting judgment notwithstanding the verdict, for the reason that the clerk had already entered judgment upon the verdict in compliance with Rem. & Bal. Code, § 431 (P. C. 81 § 729). This court has but recently repeatedly passed upon the same question. In *Forsyth v. Dow*, 81 Wash. 137, 142 Pac. 490, the court, per Chadwick, J., held that such motion coming after the entry of judgment upon the verdict is not timely, and that any motion other than a motion for a new trial, made after the entry of judgment on the verdict, should not be granted. This case is controlled by the decisions in the foregoing case, and also by the decision on rehearing *En Banc* of the case of *Paich v. Northern Pac. R. Co., ante* p. 379, 150 Pac. 814.

For the reasons stated in the foregoing cases, the judgment is reversed, and the cause remanded with instructions to the superior court to consider and determine the motion for new trial made by respondent, and not passed upon by the trial court, and for such further proceedings as may then be proper.

Morris, C. J., Mount, Chadwick, and Parker, JJ., concur.