[No. 14461.  Department One.  April 30, 1918.]

JAMES CARKONEN, as *Administrator etc.*, *Appellant*, v.
COLUMBIA & PUGET SOUND RAILROAD COMPANY,
*Respondent.*[1]

JUDGES—POWERS—SUCCESSOR IN OFFICE—GRANT OF NEW TRIAL.
Upon the death of the judge who tried the case, his successor in
office has the same power and discretion to grant a new trial as
the predecessor had, in view of Rem. Code, § 67, providing that no
proceeding is affected by a vacancy in the office of the judge, and
the fact that courts are continuing governmental entities.

NEW TRIAL—DISCRETION—ON DEATH OF JUDGE.  An order by a
succeeding judge granting a new trial because against the weight
of the evidence, is not shown to have been without the exercise of
his discretion because his opinion shows that he sought to ascertain
the opinion of his predecessor in office, where it further shows that
he gave the fullest consideration to the evidence and determined the
matter upon the entire record and exercised his own discretion.

APPEAL—REVIEW—DISCRETION—NEW TRIAL.  The granting of a
new trial for insufficiency of the evidence cannot be said to be an
abuse of discretion where there was a substantial conflict in the
evidence.

Appeal from an order of the superior court for King
county, Jurey, J., entered January 23, 1917, setting
aside a judgment and granting a new trial, in an action
for wrongful death.  Affirmed.

*George H. Rummens* and *Edward Brady,* for appel-
lant.

*Farrell, Kane & Stratton,* and *Stanley J. Padden,*
for respondent.

FULLERTON, J.—One John Athanasiades, while en-
gaged in labor as a section hand on respondent's line
of railway, was run over and killed by one of its reg-
ular passenger trains.  The appellant, as administra-
tor of the estate of the decedent, brought an action un-

[1]Reported in 172 Pac. 816.

der the Federal employers' liability act to recover for the benefit of the widow and minor children. Verdicts were returned for $2,850 in favor of the widow, $900 in favor of the elder daughter, and $1,950 in favor of the younger daughter, aggregating a total of $5,700. Judgment was entered upon the verdict, and two days thereafter the respondent moved for judgment notwithstanding the verdict, and also for a new trial. On a hearing before the trial judge, the motion for judgment *non obstante* was granted, but no disposition was made of the motion for new trial. On an appeal from the judgment rendered notwithstanding the verdict, we held that the motion therefor was not timely made, inasmuch as judgment on the verdict had been entered prior to the filing of the motion. The judgment was reversed, and the cause remanded with instructions to the lower court to consider and determine the motion for a new trial which was pending and undisposed of. See *Carkonen v. Columbia & Puget Sound R. Co.*, 86 Wash. 473, 150 Pac. 1162. The superior judge who had tried the cause had died pending the appeal, and when the cause was remanded for determination of the motion for a new trial, the matter was considered and determined by his successor in office, who made an order setting aside the judgment on the verdict and granting a new trial. This order is assigned by the appellant as error.

The first contention urged by the appellant is that the successor of a judge who tried a cause is not vested with the same discretion as his predecessor in granting a new trial on the ground of insufficiency of the evidence, for the reason that the successor has not heard the witnesses testify nor observed their demeanor, thus precluding his ability to pass upon the question whether the losing party has had a fair trial. Appellant argues that, because of such fact, the rule that the

order granting a new trial will not be disturbed on appeal except upon a showing of abuse of discretion does not apply. In other words, the appellant contends that the successor in the judicial office lacks jurisdiction to exercise such a discretion. Our statute (Rem. Code, § 398) defines a new trial as a reexamination of an issue in the same court. Further provision is made by Rem. Code, § 67, that, "No proceeding in a court of justice, in any action, suit, or proceeding pending therein, is affected by a vacancy in the office of any or all of the judges, or by the failure of a session of the court." It is apparent that judicial powers are vested in the court, rather than in the individual exercising functions as a judge. In the case of *Shephard v. Gove,* 26 Wash. 452, 67 Pac. 256, where a successor in the office of judge disregarded a ruling in the same case by his predecessor, we said:

"It is insisted by the appellant that Judge Griffin had no right to overrule a decision made by Judge Jacobs in the case. But the succession of judges cannot be considered by this court; the office is a continuing one; the personality of the judge is of no legal importance. The action of Judge Griffin was in legal effect a correction of his own action, which he deemed to have been erroneous; and it were far better that he should correct it, than to perpetuate an error which would have to be corrected by this court."

In the case of *State ex rel. Rucker v. Superior Court,* 18 Wash. 227, 51 Pac. 365, where the successor in the office of judge vacated a prior judgment, we said:

"The judge of the superior court, who directed the judgment of dismissal on the 29th day of December, 1896, retired from office and his successor occupied the office at the time the motion to vacate the judgment was made. The action of the superior court is that of the judge of the court, and a change in the persons who occupied the position does not affect the consideration of the vacation of the judgment."

That the successor in office of the judge who presided at the trial of a cause is vested with discretion to pass upon a motion for a new trial is well settled in other jurisdictions.  See:  *Hughley v. Wabasha,* 69 Minn. 245, 72 N. W. 78; *Benson v. Hall,* 197 Mass. 517, 83 N. E. 1036; *Jones v. Sanders,* 103 Cal. 678, 37 Pac. 649; *Southall v. Evans,* 114 Va. 461, 76 S. E. 929, Ann. Cas. 1914B 1229, 43 L. R. A. (N. S.) 468; *Pennsylvania Mut. Life Ins. Co. v. Ashe,* 145 Fed. 593, 7 Ann. Cas. 491, note.

Through all the decisions runs the idea that courts are continuing governmental entities and that the individual judges are designed to guide the operation of the machinery.  In the functioning of courts, the law is concerned only with the personal element of the presiding judge when there is abuse of discretion or misconduct on his part.  His errors of law are errors of the court.  We have no doubt, therefore, that a successor in the judicial office has power to exercise his discretion in passing upon a motion for a new trial when the judge who tried the cause has met with death or his term of office has expired.

The appellant sets forth the memorandum opinion of the trial judge and contends therefrom that the judge passing upon the motion did not exercise his own judgment and discretion in so doing, but rather sought to ascertain the opinion of his predecessor in office and give effect to what he believed was the opinion of such predecessor.  But while the judge did make some comment to the effect that he had endeavored to ascertain his predecessor's views, we find the following in his opinion:

"The motion for new trial has been thoroughly argued and briefed before me, and upon the earnest insistence of counsel for plaintiff I have read in full the statement of facts used on the appeal.  Upon the

argument, briefs and statement of facts, I was satis-
fied that the motion for new trial should be granted
unless such was precluded by the question of last clear
chance raised by counsel for plaintiff. After consid-
eration of brief of counsel for plaintiff upon the ques-
tion of last clear chance, I read over again the testi-
mony of the engineer, upon whose testimony this ques-
tion is raised. I do not understand that this question
was raised on the trial. The engineer was not ex-
amined in chief, or cross-examined, or examined or
questioned at all, upon any such proposition. He was
not given any opportunity to explain some of his state-
ments which might be taken as tending to establish the
contentions of counsel for plaintiff. However, in my
judgment the testimony as it stands is wholly insuffi-
cient to sustain the contentions of counsel for plaintiff
in this regard. For the reasons stated, the motion for
new trial will be granted. A formal order to that effect,
if desired, may be prepared and presented upon due
service and notice to counsel on the other side.''

This, we think, shows that the judge, while taking
into consideration what he conceived to be the views
of his predecessor in office, determined the matter from
the entire record and exercised his own judgment and
discretion in so doing. This court has frequently held
that it is within the province of the trial court to grant
a new trial where it is convinced that the verdict of the
jury is against the weight of the evidence, and that it
will not hold such an order to be an abuse of discre-
tion when it finds a substantial conflict in the evidence.
It may be there was error in the original holding of a
want of sufficient evidence on the part of the plaintiff
to make a case for the jury, but there is no doubt as to
there being a substantial conflict.

The order is affirmed.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.